IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CESAR FRANK STAGNO, #401636 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-250 |
| § | |
| NATHANIEL QUARTERMAN § | |
| DIRECTOR, TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Cesar Frank Stagno, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed a Motion to Dismiss with Brief in Support seeking the dismissal of Petitioner's writ because it is time barred (Instrument No. 9). Petitioner filed a Response in which he claims he is entitled to equitable tolling (Instrument No. 11). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 167th Judicial District Court of Travis County, Texas in Cause No. 77,846, on July 11, 1985. State Records ("S.R.") at 8-9. Petitioner was indicted for the offenses of murder and aggravated robbery, with an habitual count. S.R. at 2-4. Petitioner pled guilty to murder and the judge assessed punishment at forty (40) years confinement. S.R. at 5, 8-9. Following his conviction, Petitioner

1

filed a Motion for New Trial, which the trial court denied on July 17, 1985. S.R. at 7. Petitioner did not file an appeal.

On July 24, 1998, Petitioner was released on mandatory supervision. S.R. at 49. While on mandatory supervision, Petitioner's urine test came back "dirty" and he was directed to report to the Texas Community Rehabilitation Facility. Petitioner went to the facility and stayed for some duration, but then left without authorization. After Petitioner was located, Petitioner was appointed counsel and a hearing was held before the Parole Board on October 5, 2000. At the conclusion of the hearing, the Board determined that Petitioner's release on mandatory supervision should be revoked because he had failed to remain in the community rehabilitation facility as directed, and had changed his residence to an undisclosed location. S.R. at 40, 56.

On February 24, 2004, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure (S.R. 10-18), along with a Memorandum Brief in Support. S.R. at 19-36. Petitioner's state writ was denied without written order by the Texas Court of Criminal Appeals on October 27, 2004. *Ex parte Stagno*, Applic. No. WR-59,854-01. Petitioner filed the instant writ on April 17, 2006. Petitioner alleges he is entitled to federal habeas corpus relief because his due process rights were violated upon the revocation of his "parole or mandatory supervision." Pet'r Writ at 7.

### *Statutory Limitations Issue*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001)

(recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions). The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> \* \* \* \*
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(1)-(2).

Petitioner contends that his mandatory supervision was improperly revoked because the contractual conditions of his release were modified without prior written notice and a hearing before the Parole Board. Although Petitioner's mandatory supervision was revoked on October 5, 2000, he appears to allege that the factual predicate of his claim (*i.e.*, alleged improper modification of his parole conditions and subsequent revocation) could not have been discovered by him until after he filed his state court writ. In particular, Petitioner claims that he "was unsuccessful in finding applicable law to support the basis of his claim" and he "had no way of knowing that the basis of his claim lay in the Texas Administrative Code" ("TAC") until July 24, 2004, when the District Attorney submitted Findings of Fact and Recommendations to the trial court, in which he incorporated a TAC provision that supported the State's position.[1] Pet'r Resp. at 3. Petitioner's

---

[1] Section 149.1 provides, in relevant part, that "[t]he offender may have additional conditions imposed by the parole panel after release, ans shall be notified in writing of any such conditions." 37 TAC § 149.1.

3

allegation is without merit.  Contrary to his assertions, the factual predicate for Petitioner's claim could have been discovered on October 5, 2000, when his mandatory supervision was revoked. Under the AEDPA, unless tolled, Petitioner had until October 6, 2001, to file a federal writ of habeas corpus.  Petitioner did not file a federal writ until April 17, 2006.  Although Petitioner did file a state writ, he did not do so until February 24, 2004, well after the expiration of the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (holding state application filed after expiration of limitations period does not statutorily toll limitations period).

Petitioner also alleges that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). Specifically, Petitioner alleges that the State created an impediment to his filing a request for relief because TDCJ-CID does not have the TAC.  Petitioner's claim is without merit.  Section 2244(d)(1)(B) provides that the limitations period will run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."   In *Egerton v. Cockrell* the Fifth Circuit recognized that the failure to provide materials necessary to challenge a conviction, including inadequate library, may constitutes an "impediment" created by the State and can invoke statutory tolling under 28 U.S.C. § 2244(d)(1)(B) if the prisoner was actually unaware of AEDPA prior to the expiration of the limitations period.  *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003).  However, unlike the facts in *Egerton*, Petitioner can clearly make no such showing. Inconsistent with his claim of a State created impediment is the fact that Petitioner was able to, and did in fact, file his state writ, along with a well argued brief in support of his claims (*Ex parte Stagno*, Applic. No. 59,854-01 at 19-36), in which the Court observes he cited to case law,

provisions of the Texas Government Code, and the TAC. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (inmate could not rely on claim that state created impediment due to inadequate law library when he filed petition prior to obtaining copy of AEDPA). Moreover, even assuming arguendo that a basis for his allegation exists, Petitioner clearly concedes that he was actually aware of the relevant TAC provision in July 2004, because the District Attorney's Findings and Recommendations incorporated the relevant provision into his brief, yet Petitioner then delayed an additional 18 months after the point when his state writ was denied on October 27, 2004, before filing his federal writ. Given these facts, Petitioner's claim that he is entitled to statutory tolling due to a State created impediment is without merit and his federal writ, unless equitably tolled, is barred by the one-year limitations period.[2]

*Equitable Tolling Issue*

Petitioner contends that his claims are not time barred because he is entitled to approximately six (6) years of equitable tolling. In particular, Petitioner claims that from October 5, 2000, to November 26, 2001, he was held at the Taylor County Jail in Abilene, Texas, and this facility had "no library to speak of, only a few outdated volumes, most with pages missing" and he claims that "[i]f you were lucky enough to find a case that might apply to your situation, there was no way to have it Shepardized." Pet'r Resp. at 2-3. Petitioner also claims he is entitled to equitable tolling from November 26, 2001, to the present because he "was unsuccessful in finding applicable law to

---

[2] Even assuming his claim was not time barred, to the extent that Petitioner claims that the Board violated statutes or administrative rules, such allegations fail to raise a cognizable claim. Federal relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal constitutional issue is also at stake. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Here, there is no claim that Petitioner was denied the assistance of counsel or due process protections under federal law prior to the revocation of his mandatory supervision. *Morrisey v. Brewer*, 408 U.S. 471, 489-90 (1972).

support the basis of his claim" until he received the District Attorney's Findings of Fact and Recommendations to the trial court, and even though he is now aware of the TAC provision, the fact that TDCJ-CID does not carry the Code entitles him to continued tolling until the situation is rectified. Pet'r Resp. at 3.

The AEDPA's one-year limitations period is subject to equitable tolling, but only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Moreover, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively mislead by the defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (quoting *Coleman*, 184 F.3d at 402); *but see*, *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996) (application of equitable tolling is not warranted for "garden variety claims of excusable neglect."). A petitioner bears the burden of proof and "must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The Fifth Circuit has determined that an inadequate law library does not generally constitute a "rare and exceptional circumstance" to warrant equitable tolling. *Scott,* 227 F.3d at 263 fn. 3; *Felder*, 204 F.3d at 171-73 (inadequate law library is not a rare and exceptional circumstance to warrant equitable tolling). *Cf. Egerton*, 334 F.3d at 437 (distinction drawn between statutory tolling under 28 U.S.C. § 2244(d)(1)(B) and equitable tolling). Moreover, it is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally does

not excuse late filing.  *Felder*, 204 F.3d at 172; *Fisher*, 174 F.3d at 714.  This Court finds that Petitioner has failed in his burden of establishing that "rare and exceptional circumstances" existed in this case which would warrant the application of equitable tolling and preclude his claims from being considered time-barred under the AEDPA.   The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** as time barred.

## CONCLUSION

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (Instrument No. 9) be **GRANTED**; and the Petition for a Writ of Habeas Corpus of Cesar Frank Stagno (Instrument No. 1) be **DISMISSED as time-barred**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **November 20, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____1st_____ day of November, 2006.

_____
John R. Froeschner
United States Magistrate Judge